

**U.S. Department of Justice**

United States Attorney
District of New Jersey

Securities & Health Care Fraud Unit

---

*Paul J. Fishman, United States Attorney*

*Stacey A. Levine, Assistant United States Attorney*
*Securities & Health Care Fraud Unit*
*Direct Dial (973) 645-2760*
*Facsimile (973) 297-2045*

970 Broad Street, Suite 700
Newark, NJ 07102

General Telephone (973) 645-2700

2009R01053

April 2, 2010

James J. DiPietro, Esq.
186 Joralemon Street
Brooklyn, New York 11201

      Re: <u>Plea Agreement with Leonid Zaltsberg</u>   10-437 SRC

Dear Mr. DiPietro:

      This letter sets forth the plea agreement between your client, Leonid Zaltsberg, and the United States Attorney for the District of New Jersey as well as the United States Department of Justice, Tax Division ("the Offices").

Charge

      Conditioned on the understandings specified below, the Offices will accept a guilty plea from Leonid Zaltsberg to a one-count information, which charges willfully subscribing to a false tax return, in violation of 26 U.S.C. § 7206(1). If Leonid Zaltsberg enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, the Offices will not initiate any further criminal charges against Leonid Zaltsberg or Larisa Beyder for tax crimes disclosed to the Offices relating to UBS AG account number 240-534-248 from 2000 through 2007. However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Leonid Zaltsberg may be commenced against him or Larisa Beyder, notwithstanding the expiration of the limitations period after Leonid Zaltsberg signs the agreement.

Sentencing

      The violation of 26 U.S.C. § 7206(1), to which Leonid Zaltsberg agrees to plead guilty, carries a statutory maximum prison sentence of three (3) years and a statutory maximum fine equal to the greater of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any

persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Leonid Zaltsberg is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742 and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. The Offices cannot and do not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Leonid Zaltsberg ultimately will receive.

Further, in addition to imposing any other penalty on Leonid Zaltsberg, the sentencing judge: (1) will order Leonid Zaltsberg to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Leonid Zaltsberg to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Leonid Zaltsberg, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) may order Leonid Zaltsberg to pay the costs of prosecution; and (5) pursuant to 18 U.S.C. § 3583, may require Leonid Zaltsberg to serve a term of supervised release of not more than one (1) year, which will begin at the expiration of any term of imprisonment imposed. Should Leonid Zaltsberg be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Leonid Zaltsberg may be sentenced to not more than one year's imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of the Offices Regarding Sentencing

Except as otherwise provided in this agreement, the Offices reserve their right to take any position with respect to the appropriate sentence to be imposed on Leonid Zaltsberg by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, the Offices may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Leonid Zaltsberg's activities and relevant conduct with respect to this case.

Stipulations

The Offices and Leonid Zaltsberg agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each

reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of the Offices is based on the information and evidence that the Offices possess as of the date of this agreement. Thus, if the Offices obtain or receive additional evidence or information prior to sentencing that they determine to be credible and to be materially in conflict with any stipulation in the attached Schedule A, the Offices shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either the Offices or Leonid Zaltsberg from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, the Offices and Leonid Zaltsberg waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and the Tax Division of the United States Department of Justice and cannot bind other federal, state, or local authorities. However, the Offices will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Leonid Zaltsberg. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against Leonid Zaltsberg.

Prior to the date of sentencing, Leonid Zaltsberg shall: (1) file accurate amended personal returns, or enter into a Form 870 Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment in lieu of filing returns or amended returns for calendar years 2000 through 2007; (2) provide all appropriate documentation to the Internal Revenue Service in support of such returns, upon request; (3) pay to the Internal Revenue Service all taxes and any penalties owed on those returns or, if unable to do so, make satisfactory repayment arrangements with the Internal Revenue Service; and (4) fully cooperate with the Internal Revenue Service and comply with the tax laws of the United States. Further, Leonid Zaltsberg agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the Internal Revenue Service to enable them to investigate any and all civil penalties that may be due and owing by Leonid Zaltsberg. With respect to disclosure of the criminal file to the Internal Revenue Service, Leonid Zaltsberg waives any rights under 26 U.S.C. § 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to Leonid

Zaltsberg's tax returns and return information.

Leonid Zaltsberg further agrees that in order to resolve his civil liability for failing to file Reports of Foreign Bank and Financial Accounts, Forms TD F 90-22.1, for tax years 2000 through 2007, he will pay a fifty percent penalty for the one year with the highest balance in the account as of June 30 for calendar years 2000 through 2007.

No Other Promises

This agreement constitutes the plea agreement between Leonid Zaltsberg and the Offices and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: STACEY A. LEVINE
Assistant United States Attorney, and

MICHAEL C. VASILIADIS
Trial Attorney
U.S. Department of Justice
Tax Division - NCES

APPROVED:

THOMAS J. EICHER
Chief, Securities and Health Care Fraud Unit
Criminal Division
U.S. Attorney's Office, District of New Jersey

I have received this letter from my attorney, James J. DiPietro, Esq., it has been translated for me, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____   Date: 4/23/10
Leonid Zaltsberg

_____   Date: 4/23/10
James J. DiPietro, Esq.

*Leonid Zaltsberg Plea Agreement*
*April 2, 2010*
*Page 6*

## Plea Agreement With Leonid Zaltsberg

### Schedule A

1. The Offices and Leonid Zaltsberg recognize that the United States Sentencing Guidelines are not binding upon the Court. The Offices and Leonid Zaltsberg nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Leonid Zaltsberg by applying the Guidelines range that results from the total Guidelines offense level set forth below.

2. The version of the United States Sentencing Guidelines effective on November 1, 2009 applies in this case. Pursuant to U.S.S.G. §2S1.3(c)(1), since this offense was committed for the purposes of violating the Internal Revenue laws, the applicable guidelines are U.S.S.G. §§ 2T1.1 and 2T4.1. These guidelines carry a Base Offense Level of 14 because the criminal tax loss associated with the conduct, including tax loss derived from interest, dividends and capital gains income earned on the assets contained in Leonid Zaltsberg's Belton Capital Corp. account number 240-534-248 at UBS AG disclosed to the United States Government pursuant to the Deferred Prosecution Agreement with UBS AG for tax years 2000 through 2007, is greater than $30,000 but less than $80,000 (exclusive of interest and penalties on the taxes derived from such income).

3. Specific Offense Characteristic 2T1.1(b)(2) applies because the offense involved sophisticated means. This Specific Offense Characteristic results in an increase of 2 levels.

4. As of the date of this letter, Leonid Zaltsberg has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Leonid Zaltsberg's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

5. As of the date of this letter, Leonid Zaltsberg has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If Leonid Zaltsberg enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Leonid Zaltsberg's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Leonid Zaltsberg will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

6. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Leonid Zaltsberg is 13 (the "agreed total Guidelines offense level").

7. Leonid Zaltsberg knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 13. The Offices will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 13. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

8. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.